IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,                         Case No. 2:75-cr-451 TJM

        Plaintiff,

   vs.

LYNETTE ALICE FROMME,                             <u>ORDER</u>

        Defendant.
_____/

      This matter is before the court on the motions by petitioner Eastern District Historical Society and intervenor *The Sacramento Bee* (ECF Nos. 79, 80, 81) to unseal the deposition of President Gerald Ford taken in this criminal case. The United States was notified under a prior order (ECF No. 78) and filed a statement of non-opposition to the pending motions (ECF No. 86). In particular, the United States avers that it does not oppose the motion "because the Court . . . already granted a motion to release for inspection and copying the video tape deposition of President Gerald Ford . . . ." (*Id.*)

      Review of the petitioner's and intervenor's moving papers as well as the court's records reveals that the videotape of the deposition was unsealed by a prior order of this court on April 7, 1987. (ECF No. 77, at 5 ("The mot[ion] to release for inspec[]tion and copying the video tape deposition [of] President Ford is granted.").) While the record is not entirely clear with respect to whether the videotaped deposition was unsealed for all purposes, the court finds no overriding interest warrants any continued sealing of the deposition. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)

("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. . . . The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, and in a newspaper publisher's intention to publish information concerning the operation of government." (citations and footnotes omitted)); *Press–Enter. Co. v. Superior Court of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). In light of the court's prior order unsealing the deposition for copying purposes, and the absence of any higher values supporting resealing or continued sealing, petitioner's and intervenor's motions to unseal are GRANTED as set forth below.

Moreover, to clarify the court's prior order and facilitate the copying process to preserve the deposition for perpetuity and transmission to the National Archives Records Administration, and having consulted with the Office of the Clerk of the Court, the court orders the following:

1. The Office of the Clerk of the Court shall make available the VHS videotape of the deposition for copying purposes to Michael Vinding as representative of the Eastern District Historical Society, and shall prepare and issue a receipt documenting the transfer.
2. Mr. Vinding shall sign the receipt at the time he retrieves the VHS tape from the Clerk's office as representative of the Eastern District Historical Society. This signed receipt will be placed on the docket.
3. Mr. Vinding shall arrange for copying of the VHS tape to DVD format in a manner that preserves the original without damage or alteration
4. Once the VHS videotape is copied to DVD format, Mr. Vinding shall return the original VHS to the Clerk's office as promptly as possible, at which point the Clerk shall make a docket entry to reflect the return of the videotape.

        The court notes and approves the plan of the Eastern District Historical Society, to provide a copy of the DVD made from the VHS videotape to intervenor, *The Sacramento Bee*, through its representative Denny Walsh, and to provide a DVD copy to the Clerk's office as well. (ECF No. 87, at 1:27–2:3.) In anticipation of the Clerk's transmitting one DVD copy of the VHS videotape to the National Archives Records Administration, the court directs that Mr. Vinding provide two DVD copies to the Clerk's office, so that one may be retained in this district; provided, however, that if this provision creates a hardship for the Historical Society, Mr. Vinding may seek relief from the court within seven days of this order.

        IT IS SO ORDERED

DATED: August 21, 2013.

_____
UNITED STATES DISTRICT JUDGE