IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:75-cr-451 TJM |
| Plaintiff, | |
| vs. | |
| LYNETTE ALICE FROMME, | <u>TENTATIVE RULING</u> |
| Defendant. | |
| _____/ | |

The court previously provided the United States, petitioner the Eastern District Historical Society, and intervenor *The Sacramento Bee* the following list of sealed items in the possession of the Office of the Clerk of Court:

| Date | Number | Document Description |
|---|---|---|
| 9/18/1975 | 14(a) | Order Sealing Search Warrants |
| 9/23/1975 | 18 | Tape of Interview of Defendant Fromme by Dr. James Richmond |
| 9/23/1975 | 19 | 4244 Evidence (written report based on 18) |
| 11/7/1975 | 52 | Defendant Fromme's Motion for Issuance of Subpoena |
| 11/7/1975 | 53 | Defendant Fromme's Points and Authorities in Support Of Motion #52 |

1

| Date | Number | Document Description |
|---|---|---|
| 11/7/1975 | 54 | USA's Motion to Quash Subpoena #52 |
| 12/17/1975 | | Three mailings from Defendant Fromme |
| 4/7/1978 | | Video Tape of Deposition of President Ford |

(ECF No. 84.) The last item on this list—the videotape deposition of President Ford—has been unsealed by a prior order of this court. (ECF No. 88.) This tentative ruling addresses the remaining items currently under seal from this list.

The undersigned has conducted an *in camera* review of the remaining sealed items and determined that the following tentative ruling should issue. *See* ROBERT TIMOTHY REGAN, FED. JUDICIAL CTR., SEALING COURT RECORDS AND PROCEEDINGS 22 & n. 82 (2010) ("Records should be unsealed when the need for sealing expires."). For the reasons that follow, the court finds the following items should be unsealed subject to any objections the government, petitioner, or any intervenor may elect to file in the manner detailed below: (A) Item Number 14(a) the Search Warrant Application, (B) Items Numbers 52 and 53 Defendant's Motion for Issuance of Subpoena of Charles Manson and Memorandum in Support of the Motion, (C) Item 54 Motion to Quash Subpoena of Lanier Ramer, and (D) the "Three mailings from Defendant Fromme."

I. <u>Legal Standard</u>

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Moreover, the Ninth Circuit "has clearly held that [judicial records] of public trial proceedings must be released when the factors militating in favor of closure no longer exist." *Phx. Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 947 (9th Cir. 1998).

/////
/////
/////
/////

II.  Discussion

    A.  Item Number 14(a)—The Search Warrant Application

        Item Number 14(a) is the government's application for a search warrant to search defendant's residence, with supporting documents, which were together placed in an envelope under seal by this court on September 23, 1975.  (*See* ECF No. 77, at 2.)  The envelope contains (1) the application for the search warrant, (2) an affidavit in support thereof, and (3) an inventory list of the items seized from the premises in the course of execution of the search warrant.  More specifically, the affidavit contains percipient testimony from federal and local law-enforcement officers and agents H. Latham, T. McCartton, J. Gavin, and D. Fox concerning the assassination attempt with which defendant was charged.

        Because "the public has a qualified common law right of access to warrant materials after an investigation has been terminated," and "[s]earch warrant applications . . . generally are unsealed at later stages of criminal proceedings," *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1193–94 (9th Cir. 2011), the court finds these items should be unsealed.

    B.  Items Numbers 52 and 53—Defendant's Motion for Issuance of Subpoena of Charles Manson and Memorandum in Support of the Motion

        Items Numbers 52 and 53 are defendant's motion for a subpoena to obtain the testimony of Charles Manson, and her memorandum and points of authority in support thereof.  "[T]he strong presumption of access to judicial records applies fully" to motions such as "motions for summary judgment and related attachments."  *Kamakana*, 447 F.3d at 1179 (citing *San Jose Mercury News. v. U.S. Dist. Court*, 187 F.3d 1096, 1102 (1999); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (2003)).  Based on this court's review, no part of the contents of defendant's motion for a subpoena and the supporting points and authorities provides good cause or compelling reasons for continued sealing of these items.  *See Kamakana*, 447 F.3d at 1181–87 (applying "good cause" standard to nondispositive motions and "compelling reasons" standard to dispositive motions).  Therefore, these items should be unsealed.

/////

C.     Item Number 54—Motion to Quash the Government's Subpoena of Lanier Ramer

Item Number 54 is Lanier Ramer's motion to quash the government's subpoena compelling him to appear as a witness at trial, and a letter and affidavit in support of the motion.[1] The court has determined that the motion was denied after an *in camera* hearing, and that Mr. Ramer in fact testified at trial on November 11, 1975. *See* VI RT 1583-1584, 1589-1602. Here as well, this court's review has identified neither good cause nor compelling reasons for the continued sealing of these items.

D.     Three Mailings from Defendant to Presiding District Judge

The items that remain under seal also include mailings from defendant to Judge MacBride, who presided at her trial. In the mailings, defendant asked Judge MacBride to place various magazine and newspaper clippings on the public docket or admit them as evidence. The court finds no compelling reason or good cause for these items to remain under seal. *See Kamakana*, 447 F.3d at 1181–87. Therefore these items also should be unsealed.

III.   Conclusion

For the foregoing reasons, the court tentatively concludes that the following items should be unsealed:

1. The search warrant application, supporting materials, and inventory of items seized;
2. Defendant's motion for subpoena and memorandum of points and authorities in support thereof;
3. Ramer's motion to quash the government's subpoena and the memorandum of points and authorities and other materials in support thereof; and
4. The mailings from defendant to the presiding district judge.

The other items on the list set forth above shall remain under seal.

IV.    Opportunity to Respond

The United States, petitioner, or any intervenor may file and serve written objections to any part of this tentative ruling no later than 14 days after the date on which this order is filed. Any

---

[1] While the list of sealed exhibits has identified this exhibit as a government motion, the court's review has clarified it is a motion on behalf of Mr. Ramer.

4

1. objection must specify the requested correction, addition, or deletion with authority supporting the
2. request.  In the event a party elects to file and serve objections, the court may set a hearing date as
3. needed.  If no objection is filed by the date set here, this tentative ruling will become final without
4. further order of this court.
5.     IT IS SO ORDERED.
6. DATED:  September 4, 2013.

_____
UNITED STATES DISTRICT JUDGE