IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,                     Case No. 2:75-cr-451 TJM

    Plaintiff,

  vs.

LYNETTE ALICE FROMME,                         <u>ORDER</u>

    Defendant.
_____/

       Presently before the court is intervenor *The Sacramento Bee*'s motion to unseal defendant's psychiatric report and a videotaped interview of defendant. ECF No. 99. The court previously provided the United States, petitioner Eastern District Historical Society, and intervenor *The Sacramento Bee* a list of sealed items in the possession of the Office of the Clerk of Court. *See* ECF No. 84. During the time provided for objections, intervenor objected to the court's tentative ruling, ECF No. 91, to not unseal documents 18 and 19, respectively, a recording of an interview of defendant by Dr. James Richmond and a written report based on the tape, ECF No. 92. The government responded to intervenor's objection, and initially opposed unsealing of these two documents without a noticed hearing and the opportunity for the defendant herself to appear and respond. ECF No. 95.

       Intervenor now has filed a separate motion to unseal the two remaining unsealed items. Intervenor also avers it has taken steps to notify defendant at her last known address. ECF No. 99 at 2. Intervenor argues unsealing is warranted under the Ninth Circuit's decision in *United States v.*

1

*Kaczysnki*, 154 F.3d 930 (9th Cir. 1998).  The United States filed a response to intervenor's motion in which it states: "it appears that *United States v. Kaczynski* . . . is controlling here"; although the United States also emphasizes that it "takes no position concerning the resolution and merits of the Intervenor's motion to unseal."  ECF No. 101 at 1.  Lastly, the United States represents that it "believes that the notice provided to Ms. Fromme was not inadequate."  *Id.* at 2.

The court heard oral argument on intervenor's motion to unseal on January 31, 2014. Karl Olson appeared telephonically for intervenor, and Christiaan Highsmith appeared for the United States.  Michael Vinding was also present on behalf of the Eastern District Historical Society.  For the reasons set forth below, intervenor's motion is GRANTED IN PART.  The court will review *in camera* the interview and psychiatrist's report and will determine whether redaction of these materials is required to protect any privacy interests.

**DISCUSSION**

"[T]he press and the public have a presumed right of access to court proceedings and documents."  *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990).  "To assert the common-law right of access, the media is required to make a threshold showing of a legitimate need for disclosure.  Once that showing has been made, the court must balance the media's asserted need against any asserted reasons for confidentiality."  *Kaczynski*, 154 F.3d at 931 (citing *United States v. Schlette*, 842 F.2d 1574, 1581 (9th Cir. 1988)).

In *United States v. Kaczynski*, the district court granted in part the motion of *The Sacramento Bee*, among other intervenors, to unseal the defendant's psychiatric competency report; the court redacted portions to protect the defendant's privacy interests.  *Id.* at 931.  The defendant, "Kaczynski[,] was charged with committing crimes that resulted in multiple deaths and injuries caused by bombings," and "[h]e was accused of being the notorious 'Unabomber.'"  *Id.*  Accordingly, there was great media interest in information about the trial, and various news organizations moved to unseal the defendant's psychiatric competency report.  *Id.*  The district court granted the motion, and the Ninth Circuit affirmed.  *Id.*  The court held that intervenors made the necessary threshold showing of a legitimate need for disclosure because they "established that disclosure of Kaczynski's psychiatric report would serve the ends of justice by informing the public about the court's competency

2

determination and Kaczynski's motivation for committing the Unabomber crimes." *Id.*  The Ninth Circuit also affirmed the district court's decision to redact portions of the report: "In balancing the competing interests of the parties, the district court did not abuse its discretion.  It determined that, as to the unredacted part of the report, the media's need for disclosure outweighed Kaczynski's privacy interests." *Id.* at 932.

As an initial matter, the court finds the notice provided defendant at her last known address was adequate.  At oral argument, intervenor averred it ascertained defendant's last known address using "common journalistic techniques" and "legwork," asserting it "did our due diligence." Intervenor also represented it had contacted the federal probation office in New York, but the probation office was not willing to notify defendant.  The government for its part said it knew of no better address, although it confirmed it took no position on the motion to unseal.  Under Federal Rule of Criminal Procedure 49(b), "Service must be made in the manner provided for a civil action."  Under Federal Rule of Civil Procedure 5(b)(2)(C), "A paper is served under this rule by[, among other methods,] . . . mailing it to the person's last known address—in which event service is complete upon mailing."  Thus, service by mail to defendant's last known address in this case did not violate the Federal Rules of Criminal Procedure and was effective.  Moreover, service to a party's last known address does not violate constitutional due process.  *See, e.g.*, *King v. C.I.R.*, 857 F.2d 676, 679 (9th Cir. 1988) ("The IRS must give notice to the taxpayer before it may assess or collect any deficiency.  A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's 'last known address.'").  The notice here was adequate.

Turning to the merits of intervenor's motion, the court finds *Kaczynski* controlling and concludes intervenor has made a threshold showing that disclosure of defendant's "psychiatric report would serve the ends of justice by informing the public about the court's competency determination." 842 F.2d at 931.  The public may learn about the process through which the court determined defendant was competent to stand trial and potentially represent herself, and about defendant's potential motivation for the attempted assassination of President Ford for which she was convicted.  The public and the media have a legitimate interest in disclosure of the report and of the videotaped interview.  The
/////

3

interest is that of fully understanding proceedings before the court, and in this case in understanding critical details of a case of historical interest.

As the court in *Kaczynski* recognized, defendant or third parties may possess countervailing privacy interests in portions of the content of the tape and the report. *See id.* Accordingly, the court will conduct an *in camera* review of the report and the videotape, and will determine whether any portions of the tape and report should be redacted because they concern privacy interests and have little or no relationship to the issue of defendant's competency or motivation for her crime of conviction. *Id.* at 932.

**CONCLUSION**

For the foregoing reasons, intervenor's motion to unseal the psychiatrist's interview and report is GRANTED IN PART. The court will conduct an *in camera* review of these items, and following such review will notify the parties and make available the unredacted portions of the videotaped interview and the psychiatrist's report.

IT IS SO ORDERED.

Dated: February 4, 2014.

_____
UNITED STATES DISTRICT JUDGE