IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    Case No. 2:75-cr-451 TJM

        Plaintiff,

  vs.

LYNETTE ALICE FROMME,                         <u>ORDER</u>

        Defendant.
_____/

        In a prior order, the court granted in part intervenor's motion to unseal the audio recording of psychiatrist Dr. James Richmond's competency interview of defendant and intervenor's motion to unseal Dr. Richmond's competency report. (ECF No. 105.) In that order, the court explained that it would conduct an *in camera* review of these items, and afterwards, notify the parties and make available the unredacted portions of the audiocassette tape interview and the psychiatrist's report. This order updates the parties on the status of the court's review and unseals the psychiatrist's report for the reasons set forth below.

I.    <u>PSYCHIATRIST'S REPORT</u>

        The court has reviewed *in camera* the report of Dr. Richmond, currently under seal, concerning defendant's competency to stand trial and to represent herself.[1] The court scrutinized this

---

[1] The sealed envelope containing Dr. Richmond's report contains the doctor's original signed letter and a carbon copy of the letter.

1

report through the lens of the Ninth Circuit's decision in *United States v. Kaczysnki*, 154 F.3d 930 (9th Cir. 1998), in which the Ninth Circuit affirmed the trial court's decision to unseal a similar report and to redact specific portions of that report.  The trial court in *Kaczynski* was affirmed for appropriately exercising its discretion to "balance[e] the competing interests" of defendant's privacy and the public's right of access.  *Id.* at 932.  The court redacted those portions of the report that contained "either private information" or had "the potential to embarrass a person not before the court."  *Id.*  The court unsealed the rest of the report, finding that, as to the unredacted portion of the report, "the media's need for disclosure outweighed Kaczynski's privacy interests."  *Id.*

After reviewing Dr. Richmond's report *in camera* and considering the applicable law, the court finds there is no need to redact portions of the report.  Unlike the redacted material in *Kaczynski*, the information in the report here does not discuss "private information" or information that has "the potential to embarrass a person not before the court" in the psychiatrist's report.  *Id.*  Instead, the report, addressed to the district judge assigned at that time, exclusively discusses defendant's background, demeanor, and mental state through Dr. Richmond's interview of her.  Dr. Richmond discusses these issues for the purpose of rendering an opinion.  His opinion was that defendant was competent to stand trial and represent herself, if she wished.  Thus, the court finds unsealing the entire report "serve[s] the ends of justice by informing the public about the court's competency determination," in this case and others like it, and defendant's possible "motivation" for her attempt on the President's life.  *Id.* at 931.

Therefore, the entire psychiatrist's report is unsealed and shall be placed on the public docket.

II.     AUDIOTAPE OF THE INTERVIEW

*In camera* review of the audiocassette tape is delayed by technical difficulties.  Because of the advanced age of the tape, the court requires the assistance of a professional media salvaging company.  The court must therefore unseal the audiotape initially only with respect to the professional media salvaging company, so that the tape is in a usable format, and adequately preserved, and so that the court may adequately review the audio content *in camera*.

/////

Therefore, the audiocassette tape currently under seal is unsealed only with respect to Martin L. Nelson of VideoLab Multimedia, Sacramento, California and only for the limited purpose of salvaging, digitizing, and preserving the contents of the audiocassette tape.

III. <u>CONCLUSION</u>

For the reasons set forth above,

1. The competency report prepared by Dr. James Richmond is UNSEALED and shall be placed on the public docket; and
2. The audiocassette tape of defendant's interview with Dr. James Richmond is UNSEALED ONLY with respect to Martin L. Nelson of Videolab Multimedia, Sacramento, California and ONLY FOR THE LIMITED PURPOSE of salvaging, digitizing, and preserving the contents of the audiocassette tape.

IT IS SO ORDERED.

Dated: February 28, 2014.

_____
UNITED STATES DISTRICT JUDGE